**SO ORDERED.**

**SIGNED this 23 day of February, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| **GEORGIA GREEN** | **CASE NUMBER: 09-06673-8-RDD** |
|    DEBTOR. | **CHAPTER 7** |

_____

| | |
|---|---|
| **GEORGIA GREEN** | **ADVERSARY PROCEEDING** |
|  | **09-00219-8-RDD** |
|    Plaintiff, | |
| v. | |
| **EAST CAROLINA UNIVERSITY &
UNC BOARD OF GOVERNORS &
DEE BOWLING & JACKIE TAWNEY &
KRISTEN BONATZ & LAURA SWEETN
& MOLLY BRIGGS & ANTHONY BRITT
& ROB LANGE & JULIE POORMAN &
TAFFEY BENSON CLAYTON &
SHENIQUA REID & KATHRYN C. BENDER
& MARY BETH CORBIN & MICHAEL BROWN,** | |
|    Defendants. | |

_____

**ORDER DISMISSING ADVERSARY PROCEEDING AND
DENYING MOTION FOR RECONSIDERATION**

This matter is before the court on the debtor's motion for reconsideration and motion to amend, and the defendants' motions to dismiss. A hearing on these matters was held on January 12, 2010, in Wilson, North Carolina. The debtor represented her interests *pro se*.

## BACKGROUND

**Motions to Dismiss**

On October 5, 2009, the Clerk of Court issued a summons in this adversary proceeding. The debtor attempted to serve the summons on the defendants by mail on October 7, 2009. By the debtor's own admission, she was the executing party who mailed the summons and complaint. Having learned that this was procedurally improper, the debtor attempted to correct the error by filing a "second summons" on December 28, 2009. This second summons was not issued by the Clerk of Court. In fact, the second summons was no different from the first, except that the original date was crossed out and substituted with the date of December 24, 2009, in the debtor's handwriting. The debtor stated that on the second attempt, an individual named Pete Peterson executed service on her behalf. However, there is no certificate of service of record which would evidence this assertion. East Carolina University ("ECU"), therefore, contends that this adversary proceeding should be dismissed as to all parties for lack of proper service.

Furthermore, as to the individuals named, ECU asserts that no claim has been stated for which relief can be granted. Any and all contact the individually named defendants had with the debtor were during the regular hours of operation of the university. Therefore, the individuals were acting in their capacity as employees of the university. The debtor has not claimed that the individual parties took any action outside the realm of their job duties which contributed to denial of readmission or violated the stay.

Lastly, because the debtor continually alleges in her motions or openly at hearings that the university has discriminated against her, ECU seeks dismissal for lack of subject matter jurisdiction. Although it does not concede that discrimination occurred, ECU states that the instances to which the debtor refers occurred pre-petition and are unrelated to the debtor's bankruptcy. In response, the debtor stated at the hearing that she only raises what she believes to be acts of discrimination as background for the court, and is not seeking determination of the issue at present.

## Motion for Reconsideration

On November 19, 2009, this court entered an order denying the debtor's motion for a preliminary injunction, which was heard by the court on November 3, 2009. The debtor sought for the court to order that she be readmitted as a student at ECU. In support of her motion, the debtor stated that ECU violated the automatic stay by denying readmittance while a balance remained on her student account. The debtor further stated that her low grade point average was due in part to a lack of reasonable accommodation for her vision disability. This court found that the debtor failed to meet the burden for a preliminary injunction. Based on the record before the court there was no evidence that ECU denied readmittance due to the account balance or attempted to collect the debt, but rather that denial was based on a lack of academic good-standing. As to the allegations of discrimination, this court declined to address the matter for lack of subject matter jurisdiction.

The debtor now seeks reconsideration of the November 19, 2009 order. As evidence for why this court should reconsider its previous denial of a preliminary injunction, the debtor proffers a letter dated November 4, 2009 (the "November letter"), from the Office of Student Loans at ECU. The letter inquires about the state of her outstanding student account. At the hearing, counsel for ECU stated that the letter, dated after the hearing on the motion for a preliminary injunction, was

sent in error. ECU is a large university comprised of decentralized offices. Communicating effectively between offices whose missions on the campus vary takes time. Counsel for ECU further stated that the November letter was an example of the left hand not knowing what the right hand was doing. Assurances were made, however, that steps were being taken to notify each individual campus department about the debtor's bankruptcy case.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 4(m) as incorporated by Bankruptcy Rule 7004, a defendant must be served within 120 days of the filing of a complaint. The debtor's complaint was filed on October 5, 2009. Therefore, the debtor had until February 5, 2010, by which to effectuate service. Although two attempts were allegedly made to serve the defendants, both attempts failed procedurally to amount to proper service. Therefore, the defendants seek to have this adversary proceeding dismissed as to all parties on the basis of insufficient process under Fed. R. Civ. P. 12(b)(5). The court finds that dismissal on these grounds is appropriate.

Service must be made by a person who is at least 18 years old and not a party to the proceeding. Fed. R. Civ. P. 4(c)(2). Without question, when the debtor executed service on the defendants it was procedurally improper. Having realized her error, the debtor attempted to correct the mistake by refiling the summons and reserving the defendants. The court finds that this second attempt was equally ineffective. Pursuant to Fed. R. Civ. P. 4(l)(1) proof of service must be provided to the court by affidavit. Here, there is no signed certificate of service of record which would evidence that one unknown Pete Peterson completed service. As far as the court is aware, Pete Peterson may not exist and the summons could once again have been mailed by the debtor.

Fed. R. Civ. P. 4(3) expressly states that failure to make proof of service does not affect the validity of service, and the court may permit proof of service to be amended. On November 23, 2009, the debtor filed a motion to amend. "Motions to amend proof of service, as opposed to the process itself, rarely should be refused." 4B Wright & Miller, Federal Practice & Procedure § 1132 (3rd ed). However, the fatal consequence here is not the proof of service but rather the way in which the debtor attempted to conduct service. Because the first attempt to effectuate service is the only attempt of record, and it was served by the debtor herself in complete contradiction of Fed. R. Civ. P. 4(c)(2), the court finds that dismissal as to all parties under Bankruptcy Rule 7004 for improper service and lack of personal jurisdiction is warranted. Furthermore, the debtor's motion to amend is resolved by this finding.

Moreover, the court finds that any and all claims related to discrimination against the debtor are dismissed under Bankruptcy Rule 7012(b) for lack of subject matter jurisdiction. The discriminatory acts the debtor alleges occurred pre-petition. As such, the claims are not related to the debtor's bankruptcy case and can have no bearing on the debtor's, "rights, liabilities, options, or freedoms of action. . . [nor] in any way impacts upon the handling and administration of the bankruptcy estate. Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F. 3d 364, 372 (4th Cir. 1996).

While all parties will be dismissed from this adversary proceeding as to all claims brought against them, the court finds that one claim in particular will survive as to the defendant, ECU. The November letter sent by ECU expresses an interest in the status of the debtor's student account. Having been sent after the filing of the debtor's bankruptcy, the court acknowledges that the letter itself may be a violation of the automatic stay under 11 U.S.C. § 362. Although at this time the

5

court does not make a determination as to whether a violation did occur, the debtor's claim against ECU for violation of the automatic stay is not dismissed at this time.

The debtor also proffers the November letter as the reason why this court should reconsider its order of November 19, 2009, denying a preliminary injunction. Neither the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure specifically provide for a motion of reconsideration. However, under Fed. R. Civ. P. 59(e) as incorporated in Bankruptcy Rule 9023, motions to alter or amend a judgment are permissible. The debtor seeks for this court to alter its previous findings and grant a preliminary injunction in her favor. Therefore, the court will determine if the November letter meets the standards set forth in Rule 59(e).

Rule 59(e) is properly utilized when there is (1) an intervening change in law; (2) the availability of new evidence; (3) to correct errors of law or fact upon which the previous judgment was based; or (4) to prevent manifest injustice. In re Enron Creditors Recovery Corp., 378 B.R. 54, 56-57 (Bankr. S.D.N.Y. 2007); See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Attempting to relitigate matters which have already been before the court, however, is not permitted under Rule 59(e). Id. Of the factors listed above, the only prong under which the November letter conceivably fits is as new evidence. The standard for determining if in fact evidence is "new" requires that the moving party demonstrate: (1) that the evidence is discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that it is likely to produce a new outcome were the case retried or judgment amended. Boryan v. U.S., 884 F.2d 767, 771 (4th Cir. 1989).

The court finds that the November letter is not new evidence.  First, the November letter is dated November 4, 2009, only one day after the hearing and oral ruling on the motion for preliminary injunction.  While this is technically after the judgment was entered, it is not likely that the Office of Student Loans had yet learned of the court's ruling.  Furthermore, the November letter was not discovered by the movant through due diligence, but was rather fortuitously mailed to her home.  The most compelling reason as to why the November letter is not new evidence, however, is the content of the letter itself.  On its face,  the November letter inquires about the status of the debtor's student account, but it does not appear to be linked to the admissions committee's denial of re-enrollment.  Therefore, the letter is merely cumulative with respect to the debtor's contention that re-enrollment to ECU was denied on a basis of the account balance.  Without more, the court still finds that denial of the readmission to the university was due to the debtor's poor academic standing.  As such, the November letter does not lend itself to a different outcome than that promulgated by this court in its order of November 19, 2009.  Having failed to demonstrate that the November letter is new evidence related to the substance of the motion for preliminary injunction, the debtor has failed to satisfy Rule 59(e) and a preliminary injunction remains an inappropriate remedy under the circumstances.

## CONCLUSION

Based on the foregoing, the motions to dismiss are **GRANTED** in part.  All parties shall be dismissed from this adversary proceeding as to all claims except for ECU.  ECU's motion to dismiss

the debtor's cause of action for alleged violation of the automatic stay pursuant to 11 U. S. C. § 362 is **DENIED**. The Plaintiff's motion to amend and motion for reconsideration are both **DENIED.**

**SO ORDERED.**

**END OF DOCUMENT**